IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Case No. DKC 06-405-1 |
| | : | |
| RONALD DEMETRIOUS THOMAS | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion for reconsideration of the denial of compassionate release filed by Ronald Demetrious Thomas (ECF Nos. 217, 219) and supplements (ECF Nos. 230, 235, 239). The issues have been briefed, and the court now rules, no hearing being deemed necessary. For the following reasons, the motion will be granted and Mr. Thomas' sentence reduced to time-served plus fourteen (14) days.

Mr. Thomas pled guilty to distribution of 50 grams or more of cocaine base and initially was sentenced by Judge Roger Titus in 2008 for conduct that occurred in 2004. The delay in the progress of the case was due, in part, to the fact that Mr. Thomas was on supervised release from a conviction in the District of Columbia for a drug conspiracy and served a sentence on revocation before coming to Maryland. After some motions practice and trial preparation, Mr. Thomas pled guilty. Within a few weeks, he moved to withdraw the guilty plea. After a change of counsel, the motion

was denied, and the case proceeded to sentencing. The initial sentence imposed was 400 months, but that term was reduced to 300 months in 2019. His current projected release date is January 11, 2028. He is currently housed at FCI Danbury, a low security institution.

Mr. Thomas was found to be a career offender at the time of sentencing before Judge Titus based on prior convictions for possession of CDS with intent to distribute in state court and conspiracy to distribute and possess with intent to distribute in the United States District Court for the District of Columbia. (PSR ¶¶ 25 and 26). He had 12 criminal history points based on convictions alone, and he received additional points for being on supervised release at the time of the current offense (two points), and for committing the current offense less than two years following release (one point). His 15 criminal history points put him in Criminal History Category VI, without career offender status.

Mr. Thomas appealed, and the conviction was affirmed. (ECF No. 112). He later filed a motion to vacate under 28 U.S.C. § 2255, which was denied by Judge Titus. The Fourth Circuit declined to issue a certificate of appealability. (ECF No. 176). Further

litigation followed, including seeking review in the Supreme Court.

In 2019, Mr. Thomas filed a motion to reduce sentence, and the case was transferred to the undersigned. With the Government's concurrence, his sentence was reduced to 300 months. (ECF No. 193).

Mr. Thomas' first motion for compassionate release was filed in January 2021 and denied. His appeal from that decision was dismissed for failure to prosecute. A second motion was filed by Mr. Thomas, pro se. (ECF Nos. 217, 219).[1] This was construed as a motion for reconsideration and denied. (ECF No. 220). On appeal, the Fourth Circuit concluded that this court had not fully considered the issues raised, vacated the court's October 7, 2021, Order, and the case was remanded. (ECF Nos. 224, 225).

After the remand from the United States Court of Appeals for the Fourth Circuit, the Government was directed to respond to his pro se petition. (ECF No. 226). Before that happened, Mr. Thomas requested the appointment of counsel, the request was granted, and counsel filed an additional memorandum in support of the petition.

---

[1] Mr. Thomas mailed his second motion for compassionate release to the Clerk in two separate envelopes and both were docketed – *see* ECF Nos. 217 and 219.

(ECF No. 230).  The Government filed a response. (ECF No. 233), and Mr. Thomas replied. (ECF No. 234).  He since supplemented the record with materials demonstrating accomplishments including earning a GED (ECF No. 235) and Graduation (ECF No. 239).

Mr. Thomas argues that his career offender designation would not apply today and that his offense level, based on the controlled substances involved, would be 26, resulting in a guideline range of 120-150 months.  He contends that the overlong sentence, based as it was on a no longer applicable career offender designation, qualifies as an extraordinary and compelling circumstance.  (Other arguments originally made include disparity based on the sentence imposed on a co-defendant, the sheer and unusual length of the sentence based on national averages, his history as a long time drug user who sold mostly small amounts of drugs in order to support his own addiction, his efforts at rehabilitation, the effects of the COVID pandemic, and his difficulty in the BOP with other prisoners.)

The Government argues that Mr. Thomas' circumstances do not warrant finding that his sentence, when compared to a non-career offender guideline, presents an extraordinary and compelling circumstance.  It concedes that the sentence is double the high end of the non-career offender guideline range, but points out

4

that Mr. Thomas was significantly older at the time of his offense than others who have been granted relief, others demonstrated exemplary prison records and other evidence of rehabilitation, whereas he incurred 20 infractions in the BOP, as of mid-2022. Further, rehabilitation is not alone to be considered an extraordinary and compelling circumstance.

The Sentencing Guidelines were updated effective November 1, 2023, in ways that are relevant to Mr. Thomas' motion.  Rather than rely strictly on case law, the guidelines now define a potential extraordinary and compelling circumstances to include:

> Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSG § 1B1.13(b)(6).

As noted in a recent case:

> Intervening changes in sentencing law may constitute extraordinary and compelling reasons that justify a motion for sentence reduction. *Concepcion*, 597 U.S. at 500; *accord*

5

> *United States v. Smith*, 379 F. Supp. 3d 543,
> 546 (W.D. Va. 2019) ("Congress, when drafting
> the First Step Act in 2018, surely did not
> intend for courts to disregard the...years of
> Supreme      Court      federal      sentencing
> jurisprudence."). And, "a change in career
> offender status, and a consequent change in
> the appropriate Guidelines sentencing range,
> can qualify as an extraordinary and compelling
> reason   warranting   compassionate   release."
> *United States v. Elzey*, JKB-09-0288, 2022 WL
> 316717, at *3 (D. Md. Feb. 2, 2022); *see also*
> *United States v. McNeill*, RDB-03-33, 2024 WL
> 1442195, at *3 (D. Md. Apr. 3, 2024).
> Moreover, "the finding of extraordinary and
> compelling reasons, as always, remains 'the
> product of [an] individualized assessment[ ]
> of each defendant's sentence' including 'full
> consideration of the defendants' individual
> circumstances.'" *Elzey*, 2022 WL 316717, at *3
> (quoting *McCoy*, 981 F.3d at 286).

*United States v. Harris*, No. CR ELH-02-381, 2025 WL 1837415, at *17 (D. Md. July 3, 2025).

The Government does not challenge the assertion that, at least, Mr. Thomas' federal conspiracy conviction no longer qualifies as a predicate for career offender status. (ECF No. 233 at 12, recognizing the impact of *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019)). The court concurs. Mr. Thomas qualifies for compassionate release in that he has served more than 10 years and received an overly long sentence compared to the one that would be imposed today (or at the time the motion was filed). Even with his atrocious criminal history, it is not likely that a sentence

6

of 300 months would be imposed today.  Thus, the court turns to the question of how much of a reduction to grant.

Considering the § 3553(a) factors, the Government argues that his criminal history, including multiple convictions for distribution of narcotics, for assault and battery, and for violating a protective order, theft, and trespassing, is an important consideration, given the presence of convictions for both drugs and violence.  Again, his BOP record of infractions, is a factor to consider.  Along with the facts of this conspiracy, the Government argues that his criminal and infraction history weigh against a sentence reduction.

Mr. Thomas relies on the disparity, the fact that he served part of his sentence during the height of COVID, his efforts over the last decade to complete educational programming (the fact that he may have a learning disability, has taken many other courses, including anger management, critical thinking, stress control), has sought out vocational training, completed drug education, has worked at multiple work assignments, and has remained in contact with family.

Although the court declined to grant relief on earlier occasions, pointing, in part, to his attempt to withdraw his guilty plea and post-conviction challenges evidencing a lack of

7

acceptance of responsibility, the time has come to provide some relief.  His more recent correspondence indicates a level of maturity that was lacking before.  The motion will be granted, and the sentence reduced to time served plus fourteen (14) days.

A separate order follows.

_____/s/_____<br/>DEBORAH K. CHASANOW<br/>United States District Judge